Saul Moskoff, J.
This proceeding presents a glaring example of what has come to be known as 44 court fragmentation ” or 44 forum shopping ”, a procedure deserving of condemnation.
Although characterized by petitioner as a proceeding to modify the provisions of a separation agreement with respect to *37 child support, the proceeding is actually one under section 423 of the Family Court Act for support for petitioner and two children. Under no circumstances can this proceeding be regarded as one to modify the terms of a separation agreement since this court is without power, statutory or otherwise, to do so.
The background of the marital difficulties of the parties may Fe stated, insofar as here relevant, as follows: A separation agreement was entered into between the parties on July 29, 1966 which provided, inter alia for payments to the wife in the sum of $288 per month for her support and $577 per month for the support of the two children of the marriage. In addition, respondent was required to pay summer camp costs, all medical, dental, surgical, drug, hospital and nursing expenses for the children, to maintain life insurance policies for the benefit of petitioner and children and to provide Blue Cross, Blue Shield and Major Medical coverage for the wife. There appears to be no. present claim that respondent is not performing his obligations under the agreement.
Sometime in 1968, the respondent commenced an action for divorce against the petitioner in the Supreme Court, Nassau County, predicated on the separation agreement and the lapse of the two-year statutory period. Thereafter, in that action, petitioner herein, the defendant there moved for temporary alimony, support for the children and counsel fee. The court, in denying the application except for counsel fees, by decision dated January 13, 1969, stated: “ Neither party has repudiated this agreement, nor is it alleged that plaintiff has failed or otherwise, neglected to adhere to its terms, including these provisions reserving unto defendant and the parties’ children certain support payments. Under these conditions and the Court being satisfied that the parties ’ provisions for support adequately provides for the day-to-day needs of defendant and the children of the marriage, defendant’s application for an award of temporary alimony is denied.”
Notwithstanding the pendency of the divorce action in the Supreme Court petitioner commenced the instant proceeding in July, 1969 and moved for an examination before trial. (It is noted, parenthetically, that a notice of examination before trial of the plaintiff therein was stricken, on default, on motion of the plaintiff in the divorce action, by order dated August 28, 1969.)
From the foregoing, it appears obvious that not having been successful in her effort to obtain what she considers to be more appropriate support in the Supreme Court, petitioner now turns to this court, for 11 another bite of the same apple.” This she ought not be permitted to do.
*38 The Supreme Court had jurisdiction over the person of the parties and of the subject matter prior to the commencement of this proceeding in the Family Court. It had such jurisdiction when this proceeding was commenced and indeed at this moment, still retains such jurisdiction. Under the pertinent provisions of the Domestic Relations Law, the Supreme Court had at all times and still has the power to grant the relief sought by petitioner herein. Moreover, under the authority of Kagen v. Kagen (21 N Y 2d 532) the Supreme Court is constitutionally vested with the jurisdictional powers and authority of the Family Court and may render the precise relief available in the Family Court.
In any event, the Supreme Court having assumed and exercised jurisdiction over the question of child support in this case, it would be presumptuous, if not improper, for this court to undertake to, in effect, review the finding of the Supreme Court on the motion for temporary alimony.
Orderly judicial procedure requires that multiplicity of litigation be avoided, that causes of action be not split and that litigants be not encouraged to seek another forum for the same relief if unsuccessful in the first forum.
Since the Supreme Court and the Family Court have concurrent jurisdiction in support proceedings (Kagen v. Kagen, 21 N Y 2d 532, supra), and since the issues herein are currently before the Supreme Court, this court in the exercise of discretion will not exercise jurisdiction until there has been a determination by judgment or otherwise, of the Supreme Court action.
Accordingly, the motion to dismiss is denied and the proceedings herein are stayed pending final disposition of the Supreme Court action.
In view of the foregoing, petitioner’s motion for disclosure is denied without prejudice to renewal.