[No. B058074. Second Dist., Div. Two. May 11, 1992.]

PAUL A. RICARD et al., Plaintiffs and Appellants, v.
GROBSTEIN, GOLDMAN, STEVENSON, SIEGEL, LeVINE &
MANGEL et al., Defendants and Respondents.

**COUNSEL**

Simke, Chodos, Silberfeld & Anteau, Richard A. Fond, David A. Moses, James L. Keane and Sanford I. Millar for Plaintiffs and Appellants.

Haight, Brown & Bonesteel, Roy G. Weatherup, John W. Sheller, Jeffrey C. Bogert and Armando M. Galvan for Defendants and Respondents.

## OPINION

GATES, Acting P. J.—Paul A. Ricard, June Ricard, Glenn Ricard, Gary M. Ricard, Ronald J. Ricard, and Paul A. Ricard & Sons, Inc., appeal from the dismissal of their action for conspiracy to commit fraud and breach of fiduciary duty. The trial court sustained the defendants' demurrer since it had denied appellants' request to add the identical claim to their complaint in a prior action against the same defendants. Appellants contend:

"I.   The trial court erred by sustaining a demurrer to a legally sufficient complaint. II.   This action is not barred by the doctrine of collateral estoppel; there has never been a final judgment on the merits of the claim presented in the complaint herein. III.   An erroneous ruling on a motion cannot support an attendant order imposing sanctions."

In a separate action filed February 17, 1989 (Paul A. Ricard et al. v. Grobstein, Goldman, Stevenson, Siegel, LeVine & Mangel et al. (Super. Ct. L.A. County, No. WEC 133792)), appellants sought damages against respondents for malpractice, negligent misrepresentation, fraud, negligent infliction of emotional distress, and intentional infliction of emotional distress. The suit was filed in the Western District of the Los Angeles County Superior Court. On August 21, 1989, that court struck a malice allegation from appellants' original complaint, noting in its minute order, "paragraph 27 is conclusionary and insufficient for punitive damages."

Appellants filed a first amended complaint, again seeking punitive damages. Upon respondents' second motion to strike, the trial court ordered punitive damages allegations stricken, without leave to amend.

Appellants then acquired new counsel and sought leave of court to again amend their complaint to add a claim for conspiracy to commit fraud, which included a prayer for punitive damages. They asserted the facts underlying the count were newly discovered. Respondents characterized the claim as an improper attempt to circumvent the prior ruling. The court denied the motion on June 20, 1990.

In response, and in their conceded effort to avoid this ruling without challenging it in an authorized mannner, on August 24, 1990, appellants filed the present action in the Central District of the Los Angeles County Superior Court without complying with local rules mandating the filing of a notice of related case. This new suit was limited to the identical claim they had unsuccessfully sought to join in their malpractice action.

Respondents demurred on the ground, among others, that this was but another patent attempt to circumvent the prior ruling. After taking judicial

notice of the pending related first action the Central District Court transferred this second proceeding to the Western District. The court there sustained the demurrer without leave to amend and entered a judgment of dismissal. This appeal followed.

■ Appellants' initial contention lacks merit. They assert a demurrer may not be sustained to a complaint sufficient on its face. However, a demurrer reaches not only the contents of the complaint, but also such matters as may be properly considered under the doctrine of judicial notice. "The pleading must be read as if it contained all matters of which the court could properly take judicial notice even in the face of allegations in the pleading to the contrary. . . ." (*Weiner* v. *Mitchell, Silberberg & Knupp* (1980) 114 Cal.App.3d 39, 47 [170 Cal.Rptr. 533].) It is not enough that, absent any reference to their earlier action, appellants' new pleading might be facially sufficient.

■ Appellants' second contention is unavailing. They assert the trial court dismissed their action upon collateral estoppel grounds, and urge us to reverse because there has been no final judgment on the merits of the claim. At the hearing on respondents' demurrer, however, the following colloquy occurred:

"THE COURT: What is the difference between what you tried to do in July and this complaint?

"MR. FOND [appellants' counsel]: This complaint consists solely of the new causes of action that we tried to add in July.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: So your response to that was to file a new case.

"MR. FOND: Correct.

"THE COURT: How can you justify that?

"MR. FOND: Very easily. Because I required leave of court to amend the complaint in July because the complaint had already been amended once. . . . [¶] Filing the new action doesn't require leave of court, it requires only a filing fee. The complaint is legally sufficient. No one has challenged that—not then, not now. [¶] The only attack on this complaint is that somehow, a—an order denying leave to amend in the first case bars the prosecution of the claim in perpetuity. There's no legal support offered for that argument. There's no logical support that exists for that argument.

"THE COURT: You know, if your argument was correct, we'd probably have 50,000 cases filed every week. I sustain a demurrer without leave to amend: 'Oh, no problem, just file a new case.'

"MR. FOND: Your Honor did not sustain a demurrer, with or without leave to amend.

"THE COURT: It amounts to the same thing. You're complaining there's no collateral estoppel here because this is just an interlocutory order.

"MR. FOND: Absolutely. . . . [¶] There's nothing to serve as the basis for collateral estoppel. A motion to file—motion for leave to amend a complaint which is denied on the ground that leave of court is necessary, and within the discretion of the court, and discretion is denied is quite another thing from a demurrer to a complaint which is filed, does not require leave of court in the first instance, and which doesn't attack the legal sufficiency of the complaint.

"THE COURT: This is totally spurious.

"MR. FOND: Your Honor, I disagree. And I—

"THE COURT: You disagreed in July. I wouldn't let you file a complaint. And in my opinion, your response to that order was to file a new case.

"MR. FOND: My response to that order was to give your opportunity—to give your Honor an opportunity to do what I thought was to correct the mistake that your Honor made in July.

"THE COURT: Then you file a motion for reconsideration. . . . [¶] You don't file another case.

"MR. FOND: There were no new facts—

" . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: So when I refused to grant you leave, you could have appealed that. Couldn't you?

"MR. FOND: I don't believe that's an appealable order, your Honor. . . . [¶] But I don't believe that whether or not I took a writ or whether or not I appealed that order is in any way an impediment to bringing the action anew.

"THE COURT: Okay. We're going to find out. [¶] Sustained without leave. . . ."

It is clear the court sustained the demurrer because of appellants' attempt to evade its prior ruling by filing the second action, not on the basis of collateral estoppel as such. We conclude it had authority to do so.

A trial court has authority to strike sham pleadings, or those not filed in conformity with its prior ruling. (See Code Civ. Proc., § 436; and see *Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915 [231 Cal.Rptr. 738, 727 P.2d 1019].) With almost frightening candor appellants acknowledge that the present suit was filed solely to circumvent the court's prior adverse ruling. Consequently, it could properly be struck and in so doing, the court did not, as appellants here assert, improperly set itself up as a gatekeeper to control all judicial access.

■ California has consistently applied the primary rights theory, under which the invasion of one primary right gives rise to a single cause of action. "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. . . ." (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593].) Even if a plaintiff may present different legal theories for relief, there exists only one cause of action if the facts indicate that only one primary right of the plaintiff has been violated. ■ Here, the allegations of the conspiracy claim are the same as those originally sought to be included in the first action, and include the allegations of accountant malpractice and fraud alleged therein. (See *Unruh v. Truck Insurance Exchange* (1972) 7 Cal.3d 616, 631 [102 Cal.Rptr. 815, 498 P.2d 1063].) Appellants' second suit would merely have split their cause of action in violation of the policy against misuse of court time. (*Ford Motor Co. v. Superior Court* (1973) 35 Cal.App.3d 676, 679 [110 Cal.Rptr. 59].)

Appellants properly should have instituted appropriate proceedings for review in the original action. (See *Panos v. Great Western Packing Co.* (1943) 21 Cal.2d 636, 640 [134 P.2d 242].) Were we now to consider the merits of their pleading controversy, we would be contenancing an overt violation of this state's long-established final judgment rule. (Code Civ. Proc., § 904.1; *Cole v. Rush* (1953) 40 Cal.2d 178 [252 P.2d 1]; *Schaefer v. Berinstein* (1960) 180 Cal.App.2d 107, 114 [4 Cal.Rptr. 236].) In their reply brief appellants tacitly admit as much by requesting that we treat this appeal as a writ taken in the original action. That request, however, comes too late.

■ Appellants' final contention also lacks merit. Since we conclude their second action was filed for improper purposes, the trial court was within its discretion in awarding $750 in sanctions pursuant to section 128.5 of the Code of Civil Procedure.

The judgment of dismissal is affirmed.

Fukuto, J., and Nott, J., concurred.

A petition for a rehearing was denied May 28, 1992, and appellants' petition for review by the Supreme Court was denied July 30, 1992.