[No. B081612. Second Dist., Div. Six. Feb. 15, 1995.]

JUDY HENRY et al., Plaintiffs and Appellants, v.
THOMAS CLIFFORD, Defendant and Respondent.

COUNSEL

McCulloch & deMontesquiou and Paul A. deMontesquiou for Plaintiffs and Appellants.

Patterson, Ritner, Lockwood, Zanghi & Gartner and Samuel M. Huestis for Defendant and Respondent.

OPINION

YEGAN, J.—Judy and William Henry appeal from a judgment dismissing their medical malpractice complaint after the trial court sustained respondent's, Thomas Clifford, M.D., demurrer without leave to amend. The trial court ruled that the statute of limitations had run (Code Civ. Proc., § 340.5) and the action was barred by the doctrine of res judicata. We affirm and impose sanctions for the filing of a frivolous appeal.

FACTS

On September 12, 1990, Doctor Clifford performed back surgery on Judy Henry at the Simi Valley Adventist Hospital. After the surgery, Doctor

Clifford left the operating room to speak to William Henry. Judy Henry was transferred onto a recovery room bed. One of the persons assisting in the transfer was called out of the room and Mrs. Henry rolled off the bed onto the floor. Doctor Clifford was advised of the incident and ordered diagnostic radiographs which were normal.

## FIRST COMPLAINT

On June 4, 1991, appellants filed a complaint against the hospital and Doctor Clifford for medical malpractice and loss of consortium. (Henry v. Simi Valley Adventist Hospital (Super. Ct. Ventura County, 1991, No. 116472).) Paragraph 11 of the complaint alleged in pertinent part: "Defendants, and each of them, negligently examined, diagnosed, prepared, acted, treated, performed testing procedures, operated upon Plaintiff, allowed Plaintiff to fall from the operating table while still under anesthesia, and otherwise acted and so negligently failed to perform each of these matters, and by such conduct, directly and proximately caused Plaintiff to sustain the following-described injuries and damages."

Doctor Clifford moved for summary judgment on the ground that there were no triable facts that his diagnosis, treatment and medical care fell below the community standard. Appellants failed to produce a controverting declaration by a medical expert. The trial court granted summary judgment and appellants appealed. We affirmed the judgment June 2, 1993, in a nonpublished opinion. (B068343.)

## SECOND COMPLAINT

Five days later, on June 7, 1993, appellants filed a second complaint for medical malpractice and loss of consortium. Paragraph 11 of the complaint, like the complaint in the first action, alleged that Doctor Clifford "negligently examined, diagnosed, prepared, acted, treated, performed testing procedures, [and] operated upon Plaintiff. . . ."

Doctor Clifford demurred on the ground that the complaint was barred by the doctrine of res judicata and the statute of limitations. The trial court took judicial notice of Ventura County Superior Court case No. 116472 and sustained the demurrer without leave to amend. The trial court, by minute order, ruled that the same issues "have already been adjudicated in case number 116472. The charging paragraphs are identical, except for the 'fall' is not mentioned in the present case. All aspects of negligence were pled— from mis-diagnosis to mis-treatment (paragraph 11 of the complaint). As plaintiff framed the issues, they were virtually identical. A summary judgment was granted which encompassed all aspects of negligence alleged against Dr. Clifford."

The trial court also ruled that the complaint was barred by the statute of limitations because "plaintiff, through counsel, by counsel's admission was clearly aware of the cause of her injury not later than February 13, 1991 (Exhibit H to moving papers)."[1] The trial court concluded that the action was brought in bad faith and imposed sanctions. (Code Civ. Proc., § 128.5.) Appellants and their counsel were ordered to pay $1,392 sanctions.

Appellants moved for reconsideration, contending that the summary judgment in the first action only went to the issue of Doctor Clifford's postoperative care. Doctor Clifford opposed the motion on the ground it was untimely and presented no few facts. (Code Civ. Proc., § 1008.) The trial court denied the motion and ordered appellants to pay $550 sanctions.

## RES JUDICATA

■ Appellants challenge the order sustaining the demurrer. On review, we assume the truth of all facts properly pleaded and consider those matters which may be judicially noticed. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) ■ "If all the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice, a trial court may properly sustain a general demurrer. [Citation.]" (*Frommhagen* v. *Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299 [243 Cal.Rptr. 390].)

■ Appellants contend that the trial court erred in ruling that the action was barred by the doctrine of res judicata. They maintain that the only issue adjudicated in the first action was Doctor Clifford's liability concerning the hospital bed incident. The contention is without merit.

The first complaint alleged that Doctor Clifford breached a duty of care in the diagnosis, care, surgery, and treatment of Judy Henry. The pleading was not limited to Doctor Clifford's postoperative care or supervision of the patient.

In the second complaint, appellants seek damages for the same medical diagnosis, care, and treatment. "Because the complaint in this action is

---

[1]The trial court took judicial notice of a February 13, 1991, letter that appellant's first attorney sent to Doctor Clifford. The letter stated in pertinent part: "I now have neurosurgical and orthopedic experts of exquisite credentials who question the need (as presumably deduced by Dr. Clifford) of this surgery to begin with (and who incidentally find the lack of any small statement of regret and the insistent affirmative statements that no harm whatever could possibly have occurred from the fall to be quite arresting). I now also have Ms. Henry's statement that she was *never* told of any possibility that this surgery might *worsen* her condition, as manifestly it has."

virtually identical to the . . . complaint in the previous action, it is based on the same primary right, and therefore the same cause of action." (*Castro* v. *Higaki* (1995) 31 Cal.App.4th 350, 357 [37 Cal.Rptr.2d 84].) ■ "[T]he key issue is whether the same cause of action is involved in both suits. California law approaches the issue by focusing on the 'primary right' at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. [Citations.]" (*Eichman* v. *Fotomat Corp.* (1983) 147 Cal.App.3d 1170, 1174-1175 [197 Cal.Rptr. 612].)

■ Here, the same primary right is at stake. Appellants, however, assert that they can split the negligence action because the only issue adjudicated in the prior action was liability relating to the hospital bed incident. Not so. The issue of Doctor Clifford's preoperative care and surgery was raised in the prior action and resolved by summary judgment. The trial court, in granting summary judgment on the first complaint, found that it was undisputed that: "At all relevant times, Dr. Clifford met the standard of care of a board certified neurosurgeon in his diagnosis, care and treatment of Mrs. Henry."

The fact that appellants did not contest the issue in the first complaint is of no consequence. In a summary judgment proceeding, the pleadings define the issues. (*Metromedia Inc.* v. *City of San Diego* (1980) 26 Cal.3d 848, 885 [164 Cal.Rptr. 510, 610 P.2d 407]; *Hejmadi* v. *AMFAC, Inc.* (1988) 202 Cal.App.3d 525, 536 [249 Cal.Rptr. 5].) ■ If the issue is alleged in the complaint and resolved by summary judgment, it may not be relitigated in a subsequent action. "The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable." (*Sutphin* v. *Speik* (1940) 15 Cal.2d 195, 202 [99 P.2d 652].)

■ The assertion that appellants are pursuing a different primary right based on new "operative facts" is unavailing. "The doctrine of res judicata is intended to prevent multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration . . . . [R]es judicata precludes parties from splitting a cause of action into a series of suits in piecemeal litigation, since it operates as a bar not only when the grounds for recovery in the second action are identical to those pleaded in the first but also where a different theory or request for relief is asserted. [Citations.]" (*Hulsey* v. *Koehler* (1990) 218 Cal.App.3d 1150, 1157 [267 Cal.Rptr. 523].)

.

### STATUTE OF LIMITATIONS

■ The trial court also correctly found that the action was time barred. Code of Civil Procedure section 340.5 required that appellants file the complaint within one year after they discovered, or should have discovered, the injury. (*Gutierrez* v. *Mofid* (1985) 39 Cal.3d 892, 896 [218 Cal.Rptr. 313, 705 P.2d 886].)

The surgery was performed September 12, 1990. The instant action was filed June 7, 1993, almost three years later. Appellants attempted to plead around the statute of limitations by alleging: "Plaintiff first had the opportunity to learn that her injuries were caused by the medical negligence of Defendants, on June 10, 1992, during the deposition of Allan Nutkiewicz, M.D., taken by Defendants [i.e., the Simi Valley Adventist Hospital] in . . . . case number 116472."

The allegation was a sham. The record indicates that appellants retained an attorney and filed the first action on June 4, 1991. The parties conducted extensive discovery. Another two years passed before appellants brought the instant action.

. The record further indicates that appellant's counsel sent a February 13, 1991, letter to Doctor Clifford stating that he had consulted medical experts and intended to sue for negligence (*ante*, fn. 1). The letter was lodged with the court and referred to by appellants at the hearing on the motion for reconsideration. Appellants did not object to the trial court's consideration of the letter and they may not successfully complain thereof for the first time on appeal. (*Doers* v. *Golden Gate Bridge etc., Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].)

Appellants contend that the trial court erred in going beyond the complaint and taking judicial notice of the prior action. We disagree. The letter may not have been the proper subject of judicial notice but the complaint in the first action could be considered. (E.g., *Frommhagen* v. *Board of Supervisors*, *supra*, 197 Cal.App.3d 1292, 1298-1299 [judicial notice of complaint in prior action proper to sustain demurrer on res judicata grounds]; *Ricard* v. *Grobstein, Goldman, Stevenson, Siegel, LeVine & Mangel* (1992) 6 Cal.App.4th 157, 162 [8 Cal.Rptr.2d 139] [demurrer sustained without leave to amend based on judicial notice that plaintiff had filed prior action involving same claim].) On review, the principle is that of truthful pleading. (*Cantu* v. *Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877 [6 Cal.Rptr.2d 151].) "When the plaintiff pleads inconsistently *in separate actions*, the plaintiff's complaint is nothing more than a sham that seeks to

avoid the effect of a demurrer. [Citations.] Under such circumstances, the court will disregard the falsely pleaded facts and affirm the demurrer." (*Id.*, at pp. 877-878.)

We reject the argument that appellants could file a complaint for medical malpractice in 1991, conduct discovery, and then file a second complaint in 1993 based on the theory that it took them two years to discover the harm. The statute of limitations commenced to run when appellants suspected that the injury was caused by someone's wrongdoing. (E.g., *Jolly* v. *Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110-1111 [245 Cal.Rptr. 658, 751 P.2d 923]; *Gutierrez* v. *Mofid, supra,* 39 Cal.3d 892, 897-898.) "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (*Jolly* v. *Eli Lilly & Co., supra,* 44 Cal.3d 1103, 1111.) "Possession of 'presumptive' as well as 'actual' knowledge will commence the running of the statute." (*Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 101 [132 Cal.Rptr. 657, 553 P.2d 1129].)

The pleadings in the first action clearly showed that appellants had both actual and presumptive knowledge of the alleged harm. The trial court correctly ruled that the appellants could not revive the medical negligence claim based on a belated discovery theory. Appellants' reliance on *Martinez-Ferrer* v. *Richardson-Merrell, Inc.* (1980) 105 Cal.App.3d 316 [164 Cal.Rptr. 591] and *Zambrano* v. *Dorough* (1986) 179 Cal.App.3d 169 [224 Cal.Rptr. 323] was clearly misplaced because the second complaint was based on the same primary right and sought damages for the same injury.

## SANCTIONS

Doctor Clifford contends that the appeal is frivolous and seeks $7,800 sanctions. The trial court, in imposing sanctions, ruled that the complaint "was clearly frivolous and brought in bad faith, and appears to be brought for the primary, if not, [the] sole purpose of harassing the defendant." It imposed sanctions based on evidence that counsel for appellants threatened to file the instant action against Doctor Clifford if he did not testify against the other defendants in the first action.[2] Appellants did not deny the charge or appeal from the sanctions orders.

---

[2]The request for sanctions included a December 9, 1992, letter that respondent's counsel sent to the insurance carrier. The letter stated in pertinent part: "I spoke with Mr. DeMontesquiou [counsel for appellants] about a week or two ago. He expressed interest in having Dr.

Given the trial court's findings, the sanctions issue is squarely before the court. On February 18, 1994, appellants requested and were granted a stay of the trial of the first action as to the remaining defendants. On March 9, 1994, we dissolved the stay and denied the petition for writ of supersedeas. Pursuant to California Rules of Court, rule 26(e), effective January 1, 1995, we notified counsel for appellants that we were considering the imposition of sanctions.[3] Appellants have filed opposition. This appeal was prosecuted for an improper motive and any reasonable attorney would agree that the appeal is completely without merit as a matter of law. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

The judgment is affirmed with costs to Doctor Clifford. Counsel for appellants is ordered to pay $7,800 sanctions to Doctor Clifford. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).)

Stone, (S. J.) P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied March 16, 1995. Stone, P. J., was of the opinion that the petition should be granted. Appellants' petition for review by the Supreme Court was denied May 31, 1995. Mosk, J., was of the opinion that the petition should be granted.

---

Clifford in the case to testify adversely to the other defendants. He said he would consider letting Dr. Clifford out of the case if Dr. Clifford would testify that the fall caused or contributed to Mrs. Henry's worsened condition. Of course, this is contrary to Dr. Clifford's recollection and deposition testimony. He also raised the possibility of refiling an action against Dr. Clifford and proceeding on the theory that the surgery was not indicated. I advised him that any such lawsuit would be barred by res judicata in that such issue was adjudicated in Dr. Clifford's favor in the current lawsuit. In short, should we prevail on appeal, plaintiffs should have no further recourse against Dr. Clifford."

[3]California Rules of Court, rule 26(e) provides: "A party seeking monetary sanctions on the ground the appeal is frivolous or taken solely for purposes of delay, or for an unreasonable infraction of the rules governing appeals, shall serve and file a motion under rule 41 no later than 10 days after the time when the appellant's reply brief is due or at the time of filing a motion to dismiss the appeal; a party who filed a motion to dismiss the appeal before filing a brief may make or renew the motion for sanctions up to 10 days after the time when the appellant's reply brief is due. The motion shall include a declaration supporting the amount of sanctions being sought. The court shall notify a party or attorney if it is considering imposing sanctions on its own motion or on motion of a party. The party or attorney against whom sanctions are sought may serve and file a written opposition within 10 days after notice from the court that it is considering imposing sanctions; failure to do so shall not be deemed consent to the award of sanctions. An opposition should not ordinarily be filed unless the court has sent notice that it is considering imposing sanctions or requests the party's or attorney's views. [¶] Unless otherwise ordered, the issue of sanctions and their amount will be argued at the time of oral argument on the merits of the appeal."