Filed 12/17/14  Nanda v. Hack CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ASHWIN NANDA,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL HACK et al,<br><br>　　　Defendants and Respondents. | A140647<br><br>(San Francisco County<br>Super. Ct. No. CGC-12-527591) |

Plaintiff Ashwin Nanda, D.D.S., appeals a judgment of dismissal entered after the trial court sustained a demurrer filed by Michael Hack, D.M.D., and the other defendants. He contends the trial court erred in sustaining the demurrer on the basis that the parties' dispute was conclusively resolved in a binding arbitration proceeding.  We disagree and affirm.

BACKGROUND

Dr. Nanda is a dental surgeon who subleased property in San Francisco from defendants for his dental practice.  In his complaint, he alleged defendants breached subleasing contracts, and he sought injunctive relief and damages totaling $3.59 million. The subleasing contracts included a sublease agreement dated March 5, 2005 (Sublease), and an addendum to the Sublease dated November 2007 (Addendum), which the parties entered after "a dispute [arose] between Sublessor and Sublessee as to the relative rights and obligations of the Sublessee under the Sublease."  The verified complaint alleged that "[o]n February 29, 2012[,] Dr. Nanda served Dr. Hack with an arbitration demand . . . assert[ing] his rights to arbitration and recovery of liquidated damages at the rate of

1

$2,000 per day from the period December 1, 2005 to October 31, 2010. [¶] . . . [¶] . . . On July 24, 2012, the various issues and disputes of the parties were arbitrated in front of Arbitrator Shelley A. Gordon. The arbitration was unsuccessful and resulted in an erroneous, rushed (?); denial to exchange no rebuttal; decision in favor of Dr. Hack."

Defendants filed a demurrer to the complaint asserting that Dr. Nanda's action was barred by the previous arbitration. They further argued that Dr. Nanda should not be given leave to amend the complaint because he acknowledged that arbitration had occurred and was resolved against him. The next month, defendants followed up by filing a motion for sanctions against Dr. Nanda under Code of Civil Procedure, section 128.7[1] on the ground that the complaint was frivolous.

After a hearing, the trial court sustained the demurrer without leave to amend[2] and granted defendants' motion for sanctions in the form of attorney fees and costs in the sum of $4,900.[3] A judgment in defendants' favor was subsequently entered.

DISCUSSION

We apply "two separate standards of review on appeal from a judgment of dismissal after a demurrer is sustained without leave to amend. [Citation.] We first review the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory or to determine whether the trial court erroneously sustained the demurrer as a matter of law. [Citation.]" (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.) In reviewing the complaint, we may consider any exhibits attached to the complaint as well as any matters that must or may be judicially noticed. (See *Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400.)

---

[1] Further statutory references are to the Code of Civil Procedure.

[2] Dr. Nanda appealed from the order sustaining the demurrer case number A139208, which we dismissed on September 30, 2013, for lack of entry of judgment.

[3] Dr. Nanda presents no coherent factual or legal argument that the trial court erred in granting the motion for sanctions. Accordingly, we presume the order is correct. (See *Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971 [on appeal, "a judgment or order of the trial court is presumed correct [and] . . . [t]he burden of affirmatively demonstrating error is on the appellant"].)

2

"Second, we determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend. [Citation.] Under both standards, *appellant has the burden of demonstrating that the trial court erred.* [Citation.] An abuse of discretion is established when 'there is a reasonable possibility the plaintiff could cure the defect with an amendment.' [Citation.]" (*Aguilera,* at p. 595, italics added.)

With these principles in mind, we review the complaint and exhibits. The Addendum, which is attached as exhibit E to the complaint, states, "Should any dispute arise out of this Addendum, the Sublease, or the professional relationship of the parties, the matter will be submitted to the parties' respective attorneys, Bob Gates and Stephen Goldstein, to resolve through negotiation. If Gates and Goldstein are unable to resolve the dispute, the matter may be submitted to binding arbitration before Robert Sheppard, Esq. or such other special master or referee as the parties or their attorneys may agree." In the complaint, Dr. Nanda alleged that he "asserted his rights to arbitration" and "served [respondent] with an arbitration demand." He further alleged that "the various issues and disputes of the parties were arbitrated in front of Arbitrator Shelley A. Gordon."

" 'Arbitration is a voluntary procedure for settling disputes, leading to a final determination of the rights of the parties. The policy of the law is to favor arbitration, and every reasonable intendment is indulged to give effect to such proceedings. [Citation.] Once a valid award is made by the arbitrator, it is conclusive on matters of fact and law and all matters in the award are thereafter res judicata.' [Citations.] A contrary rule would defeat the expectations of the parties to a private arbitration. ' "Even in the absence of an explicit agreement, conclusiveness is expected; the essence of the arbitration process is that an arbitral award shall put the dispute to rest." [Citation.]' [Citation.]" (*Kelly v. Vons Companies, Inc.* (1998) 67 Cal.App.4th 1329, 1336.) Thus, the doctrine of res judicata squarely applies to arbitration proceedings. (See *Kelly,* at pp. 1335-1336; see also *Thibodeau v. Crum* (1992) 4 Cal.App.4th 749, 755 ["doctrine of res judicata applies not only to judicial proceedings but also to arbitration proceedings"].) " 'The doctrine of res judicata precludes parties . . . from relitigating a cause of action

that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties . . . if it is involved in a subsequent lawsuit on a different cause of action.' [Citation.]" (*Thibodeau,* at pp. 754-755.)

Here, because the parties' dispute was resolved in an arbitration proceeding that the parties agreed would be binding, Dr. Nanda's complaint is barred by the doctrine of res judicata. (See *Henry v. Clifford* (1995) 32 Cal.App.4th 315, 320 [trial court properly sustains general demurrer where " 'all the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice' "].)

Dr. Nanda argues that his complaint is not barred by res judicata because the arbitration clause is unenforceable and the arbitration award is nonbinding. Specifically, he argues that the Addendum's arbitration clause is unenforceable because it failed to include the notice requirements specified under section 1298,[4] which governs contracts and options to purchase real property. But the Sublease and Addendum are agreements about subleasing business premises and equipment; they are not contracts or options to purchase real property. Accordingly, they do not trigger the arbitration-clause notice requirements of section 1298.

Furthermore, Dr. Nanda is judicially estopped from asserting the unenforceability of the arbitration clause because he demanded and participated in the arbitration. (See *Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 860 [" '[C]laimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act' "]; see also *Cabrera v. Plager* (1987) 195 Cal.App.3d 606, 613, fn. 8 ["[A]ppellants' appearance at the arbitration hearing and

---

[4]  Section 1298, subdivision (a), which provides that arbitration-clause notice requirements apply to "any contract to convey real property, or contemplated to convey real property in the future, including marketing contracts, deposit receipts, real property sales contracts as defined in Section 2985 of the Civil Code, leases together with options to purchase, or ground leases coupled with improvements . . . ."

4

participation therein without raising any objection to the jurisdiction of the arbitrator estops them from challenging it afterwards. [Citation.]")

Dr. Nanda cannot do an end run around these estoppel principles by now contending the arbitration proceedings were marred by procedural deficiencies and improper conduct by the arbitrator. Dr. Nanda could have sought judicial review of the arbitration award on these grounds, but he failed to do so. (See § 1286.2, subd. (a)(1)-(5) [arbitration award can be vacated upon judicial review if "the award was procured by corruption, fraud or other undue means. (2) There was corruption in any of the arbitrators. (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. (5) the rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title"].) Accordingly, these claims have been forfeited. (Cf. *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 355 [by failing to assert affirmative defense of unclean hands, the plaintiff effectively forfeited or waived that argument below "and may not now raise it on appeal as a basis to challenge the trial court's denial of his motion for summary judgment"]; and *Mokler v. County of Orange* (2007) 157 Cal.App.4th 121, 136 [defense waived claim "[b]y failing to raise issue before trial"].)

We conclude the trial court did not err in sustaining the demurrer. (See *Aguilera v. Heiman, supra,* 174 Cal.App.4th at p. 595.) We further conclude that the trial court did not abuse its discretion in denying leave to amend the complaint because there is no " 'reasonable possibility the plaintiff could cure the defect with an amendment.' " (*Id.* at p. 595.)

DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.  (See California Rules of Court, rule 8.278(a)(1).)[5]

---

[5]  Defendants assert that they will recover attorney fees as part of costs on appeal under the contracts at issue; accordingly, we decline their invitation to impose further sanctions on Dr. Nanda by deeming the appeal frivolous.

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Banke, J.