Filed 1/4/21  Maliauka v. Essex Property Trust CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| AGATA RATAJCZAK MALIAUKA,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>ESSEX PROPERTY TRUST, INC.,<br><br>  Defendant and Respondent. | 2d Civil No. B304539<br>(Super. Ct. No. 56-2019-00529047-CU-PO-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 14, 2020, be modified as follows:

On page 8, first full paragraph, after "Respondent shall recover its costs on appeal" insert footnote 2 as follows:

[2]In her petition for rehearing, appellant erroneously contends, "The opinion erred as a matter of law in awarding respondents costs without a finding that the action was clearly frivolous and totally lacking in merit."  (Capitalization omitted.)

As the prevailing party, respondent is entitled to its costs on appeal pursuant to the California Rules of Court, rule 8.278(a)(1) ["Except as provided in this rule, the party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal"].

There is no change in judgment.

Appellant's petition for rehearing is denied.

GILBERT, P.J.       YEGAN, J.       TANGEMAN, J.

Filed 12/14/20  Maliauka v. Essex Property Trust CA2/6 (unmodified opinion)
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| AGATA RATAJCZAK MALIAUKA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ESSEX PROPERTY TRUST, INC.,<br><br>    Defendant and Respondent. | 2d Civil No. B304539<br>(Super. Ct. No. 56-2019-00529047-CU-PO-VTA)<br>(Ventura County) |

Proceeding in propria persona, Agata Ratajczak Maliauka appeals from a judgment of dismissal entered after the trial court had sustained without leave to amend the demurrer of her former landlord, respondent Essex Property Trust, Inc.  We conclude that the trial court properly sustained the demurrer without leave to amend because appellant had engaged in impermissible forum shopping.  After the original trial court judge had ruled against her, appellant voluntarily dismissed the action without prejudice and made unfounded accusations that the judge was

biased and corrupt.  In the hope that a different judge would rule in her favor, she filed a second action based on the same facts as the first action.  A different judge was assigned to the second action, and he ruled against her based on her forum shopping.  We affirm the judgment dismissing the second action.

*Procedural Background*

Appellant filed a small claims action against respondent.  Appellant sought to recover moving expenses she had incurred after respondent had refused to renew her lease.  In February 2018 judgment was rendered in respondent's favor.

One month later, appellant filed against respondent a complaint alleging five causes of action:  legal fraud, discrimination, defamation, endangerment to life, and intentional infliction of emotional distress (IIED).  (This lawsuit is hereafter referred to as "the first action.")  As to the cause of action for legal fraud, the trial court granted respondent's anti-SLAPP motion.  As to the cause of action for IIED, the court sustained respondent's demurrer with leave to amend.  As to the remaining causes of action, the court sustained respondent's demurrer without leave to amend.  The court granted respondent's motion to strike from the complaint, without leave to amend, appellant's request for punitive damages.

Appellant filed a first amended complaint.  The trial court sustained respondent's demurrer with leave to amend.

Appellant filed a second amended complaint alleging a cause of action for IIED and new causes of action for negligent infliction of emotional distress, negligence, nuisance, constructive eviction, and breach of implied warranty of habitability.  Appellant sought both general and punitive damages.  Because the court had not granted leave to allege the new causes of action,

2

it struck them without leave to amend. It also struck the request for punitive damages without leave to amend. As to the cause of action for IIED, it sustained respondent's demurrer with leave to amend.

Appellant filed a third amended complaint for IIED. The complaint did not seek punitive damages. Eight days after the complaint had been filed, at appellant's request it was dismissed without prejudice by the court clerk. In her request for dismissal, appellant wrote, "'[T]his lawsuit voluntarily was terminated due to the serious concerns and fitness of Judge Kevin DeNoce [the trial court judge] who is and there's no doubt in clear bias and prejudice toward [appellant], suspicions of Fraud on the Court by such Judge [*sic*].'"

Appellant initiated the present lawsuit ("the second action") by filing a new complaint against respondent alleging causes of action for IIED, breach of contract, and false promise. Appellant requested punitive damages as to the cause of action for false promise.

In the second action the original complaint, but not the operative first amended complaint, said that appellant had voluntarily dismissed the first action because of "a wide spread corruption" by Judge "DeNoce and possibly the Superior Court itself." Appellant threatened: "[M]ake no mistake, additional complaints will follow against the Judge Kevin DeNoce and [respondent's] Counsel in different Courts and I can assure this, all action is heading to a national scandal. A wide spread Corruption and innocent people suffering must stop and believe me, and no one can't shut down any longer [appellant] by judicial harassment, intimidation, fraud and further cover ups . . . ."

3

The second action was assigned to Judge Mark Borrell. Respondent demurred to the operative first amended complaint. The trial court took judicial notice of the original complaint in the second action and the contents of the court file in the first action. The court noted: "[Appellant] alleges in the original complaint in [the second action] essentially the same facts as she asserted in [the first action]. Additionally, she alleges in the [original] complaint [in the second action] that she dismissed [the first action] to have this case assigned to a new department because, she claims, Judge DeNoce committed judicial misconduct in that earlier case."

The trial court sustained without leave to amend respondent's demurrer to the first amended complaint because "in [her] own words, [appellant] has acknowledged that [the second action] was filed as a means of avoiding the properly assigned judge in [the first action] in hopes of seeking more favorable rulings elsewhere." The court observed that, instead of filing the second action, "if [appellant] believed [Judge DeNoce's] rulings were unwarranted she 'properly should have instituted appropriate proceedings for review in the [first] action.'" Judgment was entered dismissing the second action with prejudice.

*Standard of Review*

"'A demurrer tests the legal sufficiency of the complaint. [Citation.] Therefore, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." [Citation.] The trial court exercises its discretion in declining to grant leave to amend. [Citation.] If

4

it is reasonably possible the pleading can be cured by amendment, the trial court abuses its discretion by not granting leave to amend.  [Citation.]  The plaintiff has the burden of proving the possibility of cure by amendment.'"  (*Czajkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 173.)

*The Demurrer Was Properly Sustained*

*Without Leave to Amend*

Appellant contends that, in ruling on the demurrer, Judge Borrell should have considered only the first amended complaint in the second action.  We disagree.  "[A] demurrer reaches not only the contents of the complaint, but also such matters as may be properly considered under the doctrine of judicial notice.  'The pleading must be read as if it contained all matters of which the court could properly take judicial notice even in the face of allegations in the pleading to the contrary . . . .'  [Citation.]  It is not enough that, absent any reference to [her] earlier action [or the original complaint in her second action], appellant['s] new pleading might be facially sufficient."  (*Ricard v. Grobstein, Goldman, Stevenson, Siegel, LeVine & Mangel* (1992) 6 Cal.App.4th 157, 160 (*Ricard*); see also *Henry v. Clifford* (1995) 32 Cal.App.4th 315, 322, [appellate court rejected claim that in ruling on demurrer "the trial court erred in going beyond the complaint and taking judicial notice of the prior action"]; *Wilkinson v. Zelen* (2008) 167 Cal.App.4th 37, 43 ["In ruling on a demurrer, the court may '"take judicial notice of a party's earlier pleadings and positions"'"].)

The facts in *Ricard*, *supra*, 6 Cal.App.4th 157, are similar to the facts here.  In sustaining the demurrer to the first amended complaint in the second action, the trial court relied upon *Ricard*.  There, the trial court denied the plaintiffs' request

5

to amend their malpractice complaint to add a new claim. "In response, and in their conceded effort to avoid this ruling without challenging it in an authorized manner, . . . [plaintiffs] filed [a new] action in [a different district of the same superior court] . . . . This new suit was limited to the identical claim they had unsuccessfully sought to join in their malpractice action. [¶] [Defendants] demurred on the ground . . . that this was but [a] patent attempt to circumvent the prior ruling." (*Id*. at p. 159.)

The new action was transferred to the trial court that had denied plaintiffs' request to amend the malpractice complaint. The court sustained defendants' demurrer without leave to amend and dismissed the new action. The Court of Appeal affirmed. It reasoned: "It is clear the [trial] court sustained the demurrer because of [plaintiffs'] attempt to evade its prior ruling by filing the second action . . . . We conclude it had authority to do so. [¶] A trial court has authority to strike sham pleadings, or those not filed in conformity with its prior ruling. [Citations.] With almost frightening candor [plaintiffs] acknowledge that the present suit was filed solely to circumvent the [trial] court's prior adverse ruling. Consequently, it could properly be struck and in so doing, the court did not . . . improperly set itself up as a gate-keeper to control all judicial access." (*Ricard, supra,* 6 Cal.App.4th at p. 162.)

*Ricard's* reasoning applies here. In voluntarily dismissing the first action and filing the second action, appellant engaged in blatant, impermissible forum shopping. She attempted to evade Judge DeNoce's adverse rulings by filing a second lawsuit based on the same facts as the first lawsuit before Judge DeNoce. She hoped that a different judge would rule in her favor. "Orderly judicial procedure requires that multiplicity of litigation be

6

avoided . . . and that litigants be not encouraged to seek another forum for the same relief if unsuccessful in the first forum." (*Lazar v. Lazar* (1969) 61 Misc.2d 36, 38 [304 N.Y.S.2d 819, 821].)

Because of appellant's improper forum shopping, the first amended complaint in the second action failed to state facts sufficient to constitute a cause of action. The trial court therefore properly sustained respondent's demurrer without leave to amend.

Appellant argues that the order sustaining the demurrer was erroneous because respondent failed to comply with Code of Civil Procedure section 430.41, subdivision (a), which provides, "Before filing a demurrer . . . , the demurring party shall meet and confer . . . with the party who filed the pleading that is subject to demurrer for the purpose of determining whether an agreement can be reached that would resolve the objections to be raised in the demurrer."[1] We need not determine whether respondent violated section 430.41. Even if respondent had violated the statute, we would not reverse the judgment. Section 430.41, subdivision (a)(4) provides, "Any determination by the court that the meet and confer process was insufficient shall not be grounds to overrule or sustain a demurrer."

*Denial of Appellant's Request for Sanctions*

Appellant claims that the trial court erroneously denied her motion to impose sanctions against respondent pursuant to section 128.5. The claim is forfeited because it is not supported by meaningful argument with citations to authority and the record. "The . . . court's judgment is presumed to be correct, and

---

[1] All statutory references are to the Code of Civil Procedure.

it is appellant's burden to affirmatively show error.  [Citation.]
To demonstrate error, appellant must present meaningful legal
analysis supported by citations to authority and citations to facts
in the record that support the claim of error.  [Citations.]  When a
point is asserted without argument and authority for the
proposition, 'it is deemed to be without foundation and requires
no discussion by the reviewing court.'" (*In re S.C.* (2006) 138
Cal.App.4th 396, 408.)

*Disposition*

The judgment is affirmed.  Respondent shall recover its
costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

8

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Agata Ratajczak Maliauka, in propria persona, for Plaintiff and Appellant.

Gates, Gonter, Guy, Proudfoot & Muench and Richard A. Muench, for Defendant and Respondent.