**MONTEREY PLAZA HOTEL LIMITED PARTNERSHIP,**
Plaintiff–Appellant,

v.

**LOCAL 483 OF THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION, AFL–CIO,** Defendant–Appellee.

No. 99–16714.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2000

Memorandum Filed April 24, 2000

Filed June 7, 2000

---

Neil O. Andrus, Jeffer, Mangels, Butler & Marmaro, San Francisco, California, Martin E. Crandall, Crandall & Associates, Dearborn Heights, Michigan, for the plaintiff-appellant.

Michael T. Anderson, Davis, Cowell & Bowe, San Francisco, California, for the defendant-appellee.

Thomas Wetterer, Greenpeace USA, Washington, DC, for amicus curiae Greenpeace USA.

Before: GOODWIN, BRUNETTI and THOMAS, Circuit Judges.

### ORDER

The appellee's request for publication is GRANTED. The memorandum disposition filed April 24, 2000, is redesignated as an authored opinion by Judge Goodwin, with modifications.

### OPINION

GOODWIN, Circuit Judge:

Monterey Plaza Hotel Limited Partnership (the "Hotel") appeals the district court's dismissal of its complaint against Local 483 of the Hotel Employees and Restaurant Employees Union, AFL–CIO (the "Union"). The Hotel alleges that the Union violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* by waging a campaign of violent picketing, extortion and intimidation against the employees and customers of the Hotel. The appeal challenges the district court's ruling that the Hotel failed to state predicate acts of mail and wire fraud under RICO, and that this federal action is barred by the doctrine of res judicata. The Union agrees with the court's ultimate dismissal of the case, but urges us to reverse the district court's statement of its reasons. The district court expressed the opinion that the Hotel had sufficiently stated an extortion claim under the Hobbs Act, 18 U.S.C. § 1951,

but was barred by res judicata from pursuing the claim in federal court.

## FACTUAL & PROCEDURAL BACKGROUND

The case before us is the latest chapter in a long controversy. In June 1995, the Union filed an unfair labor practices charge with the National Labor Relations Board ("NLRB") asserting that the Hotel improperly threatened and questioned Hotel employees regarding their desire to support the Union. This charge was dismissed on December 17, 1996. In the meantime, the Hotel had filed a complaint against the Union in California state court seeking damages and injunctive relief against violent picketing by the Union in front of the Hotel. *See* Appellee's Motion for Judicial Notice, Ex. B. That action was resolved on December 3, 1996 by a stipulation of the parties which imposed time, place and manner restrictions on the picketing. Acrimony continued, however, as the Hotel filed a second suit in state court in March of 1997 claiming that the Union and its agent Maya Holmes defamed the Hotel in a television news broadcast. Holmes stated (incorrectly) during the live TV interview that "the federal government has found that, you know, the firings [of two Hotel employees] were illegal" because they were allegedly attempting to organize Hotel employees. The Hotel states that as a result of this statement, it suffered substantial negative publicity and a loss of potential business amounting to $1,635,339.

Before the California Court of Appeal could rule on the defamation claim, the Hotel filed a RICO action in federal district court on September 10, 1997. The Hotel contends that the Union has engaged in a highly sophisticated "coordinated corporate campaign" designed to effect the Hotel's economic ruin rather than to advance any legitimate bargaining agenda. The Hotel states that the Union has engaged "in a pattern of illegal acts, including violence, extortion, illegitimate economic coercion, mail and wire fraud, and intimidation, that amounted to racketeering activity" prohibited by RICO, specifically the Hobbs Act and the mail and wire fraud statutes. The Hotel alleges that the Union used the U.S. mail and interstate wire communications in furtherance of its scheme to defraud the Hotel. The Union disputes the charges, and responds that it was simply exercising its constitutional right to free speech in the context of a labor dispute.

The district court held that the Hotel failed to state predicate acts of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343, but said in interlocutory language that the hotel had alleged enough to raise an extortion claim under the Hobbs Act, 18 U.S.C. § 1951. With respect to the mail and wire fraud charges, the court reasoned that the statutes protect only property interests, and not misrepresentations made to a business' current and potential customers. In response to the Union's contention that this action should be barred by the res judicata effect of the Hotel's two prior actions in California state court, the district court initially stayed the federal case pending the resolution of the state court defamation claim. The defamation claim was subsequently dismissed by the California Court of Appeal, as a meritless SLAPP suit (Strategic Lawsuit Against Public Participation) aimed at preventing citizens from exercising their political rights. However, the Hotel failed to amend its federal complaint, or otherwise to argue why res judicata should not bar this action. Accordingly, the district court held in favor of the Union that the "primary rights theory" of res judicata operated to bar the Hotel's federal claim. The court found that at the crux of this RICO action lay the same harm to customer relations and business interests as was previously ruled on by the California state courts, and ordered the whole case dismissed.

The Hotel timely filed this appeal, arguing that it did indeed state predicate acts

of mail and wire fraud under RICO by alleging the Union's actions caused harm to the Hotel's goodwill, a recognized property interest in the state of California. Additionally, the Hotel maintains that the district court misapplied the "primary rights test" of res judicata doctrine because neither the facts nor the harm suffered by the Hotel here are the same as alleged in the prior injunction or defamation state lawsuits. The Union urges that the district court's holding regarding res judicata and mail and wire fraud was correct, but that it wrongly announced that the Hotel had sufficiently stated an extortion claim under the Hobbs Act. This was a misstatement of the applicable law, but it was harmless, as the case was correctly dismissed for other good and sufficient reasons.

## STANDARD OF REVIEW

■ A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).

## DISCUSSION

### 1. Mail and Wire Fraud

■ The Hotel contends that the district court erred in concluding that its complaint failed to state predicate acts of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. The statutes at issue, §§ 1341 and 1343, are designed to prevent deceptive communications by wire, radio or television. They explicitly require an intent to obtain "money or property [from the one who is deceived] by means of false or fraudulent pretenses, representations, or promises." §§ 1341 and 1343; *see U.S. v. Lew*, 875 F.2d 219, 221 (9th Cir.1989).

The district court held that a business entity's customers or prospective customers do not constitute a "property" interest protected by the mail and wire fraud statutes, and hence dismissed the Hotel's claims. While the district court's reasoning that customer goodwill is not a recognized property interest, was stated too broadly to have any value as precedent, the Hotel vainly expected a case involving a § 1983 action to control one alleging mail or wire fraud. *See Soranno's Gasco v. Morgan*, 874 F.2d 1310, 1316 (9th Cir.1989) (plaintiff's business reputation alone was insufficient to establish a protected liberty interest, but "[t]he goodwill of one's business is a property interest entitled to protection"). Section 1983 provides a remedy for *deprivation* of federal rights, whereas the mail and wire fraud statutes, §§ 1341 and 1343, prohibit use of the mails and wires to *obtain* money or property *from the one who is deceived*. *See Lew*, 875 F.2d at 221. Thus, accepting the business usage that a hotel's goodwill can be, for some purposes, a recognized property right, the Hotel has failed to prove that the Union sought to *obtain* that property through deceptive means.

More damaging to the Hotel's mail and wire fraud claims is *WMX Technologies v. Miller*, 197 F.3d 367, 374–376 (9th Cir. 1999) (en banc). We held there that the dissemination of a defamatory government report did not deprive a California business of "property" in its customer goodwill. *Id.* In fact, we held that while "[t]his would present a classic case for a state court defamation action," it would not support an action under § 1983. *Id.* at 375. The policy rationale behind the court's opinion was intended to prohibit plaintiffs from using § 1983 to remedy property deprivation or a decline in value caused by the publication of defamatory remarks. The court said that to do otherwise "would have the anomalous effect of extending constitutional protection to the reputation of business concerns, while denying the same protection to the reputation of individuals." *Id.* at 376.

Hence, we affirm the district court's conclusion that the Hotel failed to state the requisite predicate acts of mail and wire fraud. The Union did not *obtain* property by deceiving the Hotel or its customers;

the Union was simply carrying on a strategy in a protracted labor dispute. The Union's conduct may have been vexatious or harassing, but it was not acquisitive. The purpose of the mail fraud and wire fraud proscriptions is to punish wrongful transfers of property from the victim to the wrongdoer, not to salve wounded feelings.

## 2. Res Judicata

 The Union further submits that the district court's order should be affirmed because the allegations and asserted injury at the heart of this suit are the same as the ones presented and resolved in two prior state court actions filed by the Hotel. The Union maintains that the doctrine of res judicata thus bars this court from re-hearing issues that have been previously litigated and decided.

The Hotel argues that both the facts and harm it alleges here differ from those at stake in its state court actions. It argues that mass picketing subject to an injunction in November 1995, and a single defamatory statement made in March 1996 (by Union analyst Maya Holmes), do not involve the same primary right as its alleged loss of business income from the alleged acts of mail and wire fraud, witness intimidation and vandalism which occurred in early 1997.

However, the district court found that the Hotel's allegations in the prior state court actions and the present case "essentially distilled down to allegations of harm to the Hotel's business and the Hotel's right to be free from the Union's disruptive activities." In the Hotel's California business interference suit (*Monterey I*), the Hotel claimed that the Union's actions injured its goodwill, as well as its customer and employee relations. The broadly worded complaint sought relief from all Union acts relating to:

the alleged picketing and economic actions taken by the defendants: * * * Committing acts of harassment, intimidation and coercion, or attempting or

threatening to cause or causing vandalism or property damage against, or in any manner interfering with, plaintiff's employees, guests, potential guests, vendors and other persons having business with the plaintiff.

Although the terms of the injunction stipulated to by the parties were more limited than the events alleged in the pleadings, the same overall harms that the Hotel alleged in state court preclude relitigation of similar claims now. *See Henry v. Clifford,* 32 Cal.App.4th 315, 321, 38 Cal. Rptr.2d 116 (1995) ("If the issue is alleged in the complaint and resolved by summary judgment, it may not be relitigated in a subsequent action.") Additionally, in the state court defamation proceeding (*Monterey II*), the Hotel contended that the harm involved was "injury to its customer relations," and that the entire loss of customer business after March of 1996 was attributable to the Union's defamatory remarks. Similarly, before the district court, the Hotel again maintained that it had been the victim of harm to its business interests and customer relations because of the Union's defamation, mail and wire fraud, violence and intimidation.

The same harms and primary rights were at stake in both the state and federal fora, even if additional facts are now being alleged by the Hotel. While the Hotel argues that *Monterey II* involved only a single act of defamation, the Hotel filed a copy of its RICO complaint with the state court before oral argument, stating "[w]e respectfully bring the related action to the Court's attention." By connecting the state court slander action to the pattern of racketeering activity alleged in the federal complaint, the Hotel cannot now argue that the defamation in the state action was completely unrelated to the current pattern of alleged RICO violations.

 More significantly, to state a federal RICO claim, the Hotel must allege that all of the predicate acts, *taken together, constitute a single course of conduct*

aimed at benefitting the wrongdoer by harming the Hotel. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 & n. 14, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The Hotel thus cannot attempt to separate out prior torts (i.e., those that were subject of the state cases) from recent ones in an effort to create and preserve a new RICO claim distinct from its state causes of action. California law holds that, when a plaintiff alleges a series of torts that form the basis of a scheme by another to divest it of property (such as under §§ 1341, 1343 or. 1951), the expanded claim is considered a single cause of action arising from one primary right. *See Stoner v. Williams*, 46 Cal.App.4th 986, 1003–04 & n. 14, 54 Cal. Rptr.2d 243 (1996). Simply pleading different acts in the same scheme does not raise more than one primary right, provided the wrongful acts are all directed to the same injury.

Nevertheless, the Hotel claims that this suit should not be barred by res judicata because many of the alleged predicate acts charged in the RICO complaint occurred after the filing of its state court actions. However, the doctrine of res judicata bars the relitigation of all events which occurred prior to entry of judgment, and not just those acts that happened before the complaint was filed. *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1177, 197 Cal.Rptr. 612 (1983). It also operates to bar any claims that could have been raised, not just those that actually were made. *See Warga v. Cooper*, 44 Cal. App.4th 371, 377–78, 51 Cal.Rptr.2d 684 (1996) (quoting *Sutphin v. Speik*, 15 Cal.2d 195, 202, 99 P.2d 652 (1940)). While the Hotel may have added new acts to its federal complaint, the new allegations are insufficient to establish an independent or different primary right than that which the state courts have already addressed. California courts have specifically rejected the contention that new predicate acts might give rise to a different pattern of racketeering activity and consequently a new primary right. *Abdallah v. United Sav-*

*ings Bank*, 43 Cal.App.4th 1101, 1110, 51 Cal.Rptr.2d 286 (1996).

Thus, the primary rights at stake in *Monterey I* and *Monterey II* are the same as those at issue in the present action: namely, the protection of the Hotel's business and its right to be free from the Union's disruptive activities. The harm alleged is fundamentally the same injury to business reputation and customer goodwill. This court will not allow these claims to be relitigated in the RICO context when they were capable of being litigated and decided in the state court.

### 3. Extortion

The Union devotes much attention in its brief to the district court's statement that the Hotel's claims were sufficient to allege extortion under the Hobbs Act, 18 U.S.C. § 1951. However, nothing turns on this statement because the district court's final judgment correctly dismissed the entire action. We therefore decline to address the abstract question of the correctness of the court's out of context reference to the extortion claims.

### CONCLUSION

The allegations in the Hotel's complaint failed to satisfy the elements of mail and wire fraud under §§ 1341 and 1343 (requiring an intent to obtain money or property from the person deceived through false representations). Furthermore, res judicata operates to bar this RICO action because the Hotel's two prior California state court actions concerned the same primary right of the Hotel to operate free of the Union's disruptive activities.

AFFIRMED.