HAYES COTTON, Plaintiff–Appellant,

v.

**ALLSTATE INSURANCE CO.,** Defendant–Appellee.

No. 00–56345.

D.C. No. CV–00–3329–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Cotton's April 13, 2001 request for oral argument is therefore denied.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM [**]

Hayes Cotton appeals pro se the district court's order dismissing his diversity action for damages allegedly caused to him and to his aunt as a result of Allstate's bad faith, rudeness, discrimination, and unfair business practices. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b), *Monterey Plaza Hotel Ltd. P'ship v. Local 483 of Hotel Employees & Restaurant Employees Union, AFL–CIO*, 215 F.3d 923, 926 (9th Cir. 2000), and we affirm.

Although dismissal for improper venue may have been inappropriate, Cotton lacked standing to challenge Allstate's performance under a contract to which he was not a party, *see Seretti v. Superior Nat'l Ins. Co.*, 71 Cal.App.4th 920, 84 Cal. Rptr.2d 315, 320–22 (Cal.Ct.App.1999), and he failed to state any other cognizable claims.

The district court did not abuse its discretion by denying Cotton's motion for default, because Cotton brought his motion after Allstate had timely filed a responsive pleading. *See* Fed.R.Civ.P. 4(e)(1), 4(h), 12; Cal.Civ.Proc.Code § 415.40.

Cotton's remaining contentions lack merit.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

