Sherry Lynn **PEDIGO**, Plaintiff–Appellant,

v.

The **COUNTY OF LOS ANGELES; Carlos Verimendi, Deputy Sheriff, as an individual and as a peace officer in his official capacity; Moses Barraza, Deputy Sheriff, as an individual and as a peace officer in his official capac-**

---

13. *See Securities and Exchange Comm'n v. Coldicutt,* 258 F.3d 939, 941 (9th Cir.2001).

14. *See Unocal Corp.,* 222 F.3d at 534.

ity; Lee Baca, Sheriff, in his official capacity; Estate of Sherman Block; the Sheriff's Department of Los Angeles County, and Does 1–10, Defendants–Appellees.

No. 00–55660.

D.C. No. CV–99–9298 RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2001.*

Decided Dec. 17, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

782

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING, District Judge.[**]

## MEMORANDUM [***]

Plaintiff Sherry Lynn Pedigo appeals the district court's dismissal of her civil rights claims under 42 U.S.C. § 1983 and related state law claims on the grounds that all of her claims were barred by the applicable statutes of limitations. Pedigo alleged that Defendants Carlos Verimendi and Moses Barraza violated her Fourth and Fourteenth Amendment rights when they stopped her, searched her car, and issued her a traffic citation all without probable cause on February 26, 1998. On appeal, Pedigo contends that she alleged an ongoing conspiracy to violate her civil rights, which rendered her federal conspiracy claim timely. She also argues that Defendants are estopped from asserting, or waived their right to assert, the statute of limitations as a defense to her federal claims. Additionally, she asserts that the difference in the statute of limitations for her federal and state law claims violates federal law. Pedigo further contends that the district court abused its discretion in denying her leave to amend her federal claims. Finally, she asserts that the state law claims were timely, and thus the district court erred in dismissing those claims.

We agree with the district court that the federal claims were untimely, and affirm their dismissal. We conclude that the district court did not abuse its discretion in denying Pedigo's request for leave to amend her federal claims, as her proposed amendment would have been futile. However, as the parties agree, Pedigo's state law claims were timely. Thus, the district court erred in dismissing those claims with prejudice. Accordingly, we reverse the dismissal of the state law claims.

As the parties are familiar with the facts, we discuss only those necessary to our determination. We review de novo a dismissal based on the statute of limitations, *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000), as well as a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

[**] The Honorable Samuel P. King, Senior United States District Judge for the District of Hawai'i, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir.2000). A district court's refusal to grant leave to amend is reviewed for an abuse of discretion. *Bear Stearns & Co., Inc. v. Daisy Sys. Corp. (In re Daisy Sys. Corp.)*, 97 F.3d 1171, 1175 (9th Cir.1996).

## I. Section 1983 Claims

### A. Statute of Limitations

California's one-year statute of limitations for personal injury claims applies to Pedigo's § 1983 claims. *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir.2001) (en banc). Because Pedigo did not allege any violation of her civil rights after August 31, 1998, the date the court dismissed her traffic citation, her September 13, 1999 complaint was untimely.

Pedigo contends that there was an ongoing conspiracy to violate her civil rights such that her conspiracy claim was timely. However, Pedigo cannot identify any unlawful incident after August 31, 1998. Thus, the alleged conspiracy ended on that date, rendering her complaint untimely. *Compton v. Ide*, 732 F.2d 1429, 1432–33 (9th Cir.1984), *abrogated on other grounds by Agency Holding Corp. v. Malley–Duff & Assoc., Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

### B. Estoppel and Waiver

Pedigo contends that Defendants are estopped from asserting the statute of limitations because the County claims officer handling her state law tort claim, Leonard Tyler, failed to keep his alleged promise to inform her attorney, Daniel Magel, by February 26, 1999 whether the County would agree to extend the limita-

tions period for her federal claims while Pedigo's administrative tort claim was pending.

Although we have not yet decided whether we should apply federal or state law estoppel principles when the statute of limitations for a federal claim is dictated by state law, we need not reach this issue because Defendants were not estopped from asserting the statute of limitations under either federal or state law. Under California law, a party asserting estoppel must establish the following: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *Driscoll v. City of Los Angeles*, 67 Cal.2d 297, 61 Cal.Rptr. 661, 431 P.2d 245, 250 (Cal.1967). Under federal law, "[a] finding of equitable estoppel rests on the consideration of a nonexhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir.2000).

Pedigo's estoppel claim fails under both standards. Although Tyler did not inform Magel prior to the running of the limitations period for the federal claims whether the County would assert the statute of limitations defense,[1] Tyler never

---

1. Although the statute of limitations for Pedigo's § 1983 sexual harassment claim began to run on February 26, 1998 (the date of the incident) and thus expired on February 26, 1999, the statute of limitations did not begin

to run on her principal § 1983 claims—malicious prosecution, lack of probable cause, and false arrest—until her citation was dismissed on August 31, 1998. *Heck v. Humphrey*, 512

promised that the County would not assert the defense nor did he lead Magel to believe that the County would not assert the defense. Given Tyler's failure to respond timely to Magel's request, a reasonable person (especially an attorney) would have filed a lawsuit within the limitations period to protect the federal claims. Accordingly, the district court did not err in concluding that Pedigo could not establish that Defendants should be estopped from asserting the statute of limitations as a defense.

■■■ Pedigo's contention that Defendants waived the statute of limitations is equally unpersuasive.[2] Pedigo cannot show waiver under California law because she does not allege, nor does Magel suggest, that there was a written waiver in this case. Cal.Code of Civ. Proc. § 360.5 ("No waiver shall bar a defense to any action that the action was not commenced within the time limited by this title unless the waiver is in writing and signed by the person obligated."). Nor did Defendants "intentionally relinquish[ ]" their right to assert the statute of limitations, which is required to show waiver under federal law. *Couveau v. American Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir.2000). Pedigo never alleged that Tyler informed Magel that the County would waive its statute of limitations defense. Thus, the district court did not err in concluding that Defendants did not waive their right to assert the statute of limitations as a defense.

## C. Equal Protection

■ Next, Pedigo contends that the difference in the statute of limitations for her federal and state law claims due to the application of California Government Code

§ 945.6, which in this case effectively extended the statute of limitations for the state law claims beyond the limitations period for the federal claims, violates the principles set forth in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and denies her equal protection of the law under the Fourteenth Amendment.

California Government Code § 945.6, which requires that state law claims be filed within six months from the denial of an administrative tort claim, does not discriminate against federal law and thus does not conflict with *Wilson's* mandate that state law may not be applied if it discriminates against or is inconsistent with federal law. Although Pedigo had more time to file her state law claims because she first had to file an administrative claim with the County and had six months after the denial of her administrative claim to file a complaint, this in no way impaired her right to bring her federal claims within the one-year limitations period. Moreover, because the statute of limitations under § 945.6 is only six months, the limitations period for state law claims could, under certain circumstances, expire before the limitations period for federal claims. Thus, California's governmental tort claims process does not discriminate against federal claims.

■■■ Because the limitations period for state law claims involving governmental defendants may expire before the federal claims, Pedigo's equal protection argument also lacks merit. Additionally, there is a rational basis related to a legitimate government interest for the difference in

U.S. 477, 486–87, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, the statute of limitations did not expire for many of her federal civil rights claims until August 31, 1999.

**2.** Similar to the doctrine of estoppel, we have not yet decided whether federal courts should

apply federal or state law waiver principles when the statute of limitations for a federal claim is dictated by state law. Again, we need not reach this issue because Pedigo's claim fails under both standards.

the limitations periods. The purpose of California's governmental tort claims process is to allow the governmental agency an opportunity to investigate and settle the claim. *Crow v. State,* 222 Cal.App.3d 192, 271 Cal.Rptr. 349, 354 (Ct.App.1990).

### D. Leave to Amend

█ Pedigo requested leave to amend based on the allegations raised in Magel's declaration. While courts should generally grant leave to amend, a district court does not abuse its discretion in denying leave to amend where the proposed amendment would be futile or where the amended complaint would not withstand a motion to dismiss. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998).

We have carefully considered all of the allegations in Magel's declaration and conclude that it would be futile to amend the First Amended Complaint. Thus, the district court did not abuse its discretion in denying leave to amend.

### II. State Law Claims

█ It is undisputed that the district court erred in dismissing Pedigo's timely state law claims with prejudice. After dismissing the federal claims, the district court should have dismissed the state law claims without prejudice. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349–50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Accordingly, we reverse the dismissal of the state claims and remand with instruction to dismiss these claims without prejudice. Defendants are entitled to their costs on Appeal.

AFFIRMED in part, REVERSED in part, AND REMANDED.