Marsha WESTENBERG; et al.,
Plaintiffs—Appellants,

v.

CNF TRANSPORTATION, INC., fka
Consolidated Freightways, Inc.; et
al., Defendants—Appellees.

No. 00–35013.
D.C. No. CV–98–01514–HA.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and
BERZON, Circuit Judges.

MEMORANDUM **

Marsha and Sarah Westenberg, mother
and daughter, appeal pro se the judgment
of the district court dismissing their action
alleging Marsha's former employer, CNF
Transportation, Inc. ("CNF"), its employ-
ees, and its insurer violated the Racketeer
Influenced and Corrupt Organization Act
("RICO"), 18 U.S.C. §§ 1961–64, in their
handling of Marsha's workers' compensa-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

tion claim. The Westenbergs further appeal the district court's orders denying reconsideration pursuant to Fed.R.Civ.P. 60(b)(4).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291,[2] and we affirm.

We review de novo dismissals under Fed.R.Civ.P. 12(b)(6) and motions pursuant to Fed.R.Civ.P. 60(b)(4) to set aside a judgment as void. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998) (Rule 12(b)(6)); *Exp. Group v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir.1995) (Rule 60(b)(4)). We may affirm on any ground supported by the record. *Steckman*, 143 F.3d at 1295.

■ The district court correctly concluded that Sarah was not a proper RICO plaintiff because her claims are derivative of her mother's and allege only indirect harm to her business or property interests. *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268–69, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). Therefore, the district court properly determined that amendment would be futile and did not abuse its discretion by dismissing these claims with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc).

■ The RICO allegations in counts 8–11 and 17–23 of the complaint arise out of the litigation resulting from Marsha's workers' compensation and sexual harassment claims. That appellees defended these actions by use of the mail, telephone, and judicial process fails to state a claim under RICO. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity"); *Howard v. America Online, Inc.*, 208 F.3d 741, 748 (9th Cir.2000) ("Citing acts as a part of a RICO pattern, without proving that they are indictable, is not sufficient [to state a claim]."). Moreover, the preclusive effect of the 1993 settlement and subsequent decisions of the Oregon state courts referenced in the instant complaint bars their use as predicate acts under RICO. *See id.* at 747–48; *see also Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees and Rest. Employees Union*, 215 F.3d 923, 927–28 (9th Cir.2000) (holding that because predicate acts must constitute single course of conduct, res judicata barred RICO plaintiff from relying on facts previously adjudicated by state court). The district court properly dismissed these claims with prejudice. *See Lopez*, 203 F.3d at 1130.

■ The district court properly denied the motions for reconsideration because the Westenbergs failed to present adequate grounds for relief under Fed. R.Civ.P. 60(b)(4). *See United States v. Berke*, 170 F.3d 882, 883 (9th Cir.1999) (stating judgment void under Rule 60(b)(4) only if court lacked jurisdiction or denied parties due process). Contrary to the Westenbergs' contention, due process was not implicated by the district court's ministerial reassignment of the case to a different district judge. *See Badea v. Cox*, 931 F.2d 573, 575 (9th Cir.1991) ("District court judges have 'broad discretion' regarding the assignment or reassignment of cases."). Nor did the Westenbergs point

---

**1.** We note that the Westenbergs have not appealed the district court's denial of their motions for reconsideration brought under Fed. R.Civ.P. 59(e), nor has Marsha challenged the judgment entered against her on CNF's counterclaim. In their supplemental reply brief, the Westenbergs clarify that their appeal is limited to counts 8–11 and 17–23 of the complaint.

**2.** We note that the Westenbergs' appeal is now properly before this court because the district court entered final judgment on June 1, 2001, following our limited remand order of March 22, 2001 and the district court's subsequent decision on CNF's counterclaim. *See* 28 U.S.C. § 1291.

to any specific judicial bias affecting the judgment in their case. *See* 28 U.S.C. § 144; *Liteky v. U.S.*, 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

We have considered the Westenbergs' remaining contentions and reject them as lacking merit.

All pending motions are denied.

**AFFIRMED.**