**Patricia H. POWELL, Plaintiff–Appellant,**

v.

**ALLEGHANY CORP; et al., Defendants–Appellees.**

No. 01–56599.

D.C. No. CV–01–02546–FMC.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM**

Patricia H. Powell appeals the district court's order dismissing her action alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) by insurance and title companies involved in the court-ordered escrow and sale of Powell's property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal based on res judicata, *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997), and we affirm.

Powell's claims have been the subject of two prior state court actions,[1] as well as a federal complaint which was the subject of an appeal before this Court.[2] The district court correctly determined that Powell's complaint was barred by

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Appellant's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The two prior California state court actions were *Powell v. Alleghany Corp.*, Case No. GC013802, and *Henricks v. Alleghany Corp.*, Case No. GC016003.

2. *Powell v. Alleghany Corp.; et al*, No. 97–56621, 188 F.3d 514 (9th Cir.1999) (unpublished memorandum disposition).

**20**

principles of res judicata: the claim relates to the same "primary right" asserted in the prior actions; the prior judgments were final and on the merits; and the plaintiff was a party or in privity with a party in the prior actions. *See Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees and Rest. Employees Union, AFL–CIO,* 215 F.3d 923, 928 (9th Cir.2000).

Powell's argument that granting preclusive effect to a state court decision violates the Supremacy Clause is without merit. *See* 28 U.S.C. 1738; *see also Takahashi v. Bd. of Trustees of Livingston,* 783 F.2d 848, 850 (9th Cir.), *cert. denied,* 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986).

■ The district court did not abuse its discretion in designating Powell as a vexatious litigant because Powell received adequate notice to oppose the motion, the district court recounted and made substantive findings as to the frivolous nature of Powell's filings, and the order was narrowly tailored to remedy Powell's particular abuses. *See O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir.1990).

We have considered the remainder of Powell's contentions and find they lack merit.

**AFFIRMED.**