NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID L. KURTZ, DBA Kurtz Law
Firm, individually and as President of
David L. Kurtz, P.C.; DAVID L. KURTZ
P.C., an Arizona professional corporation,

Plaintiffs-Appellants,

v.

GOODYEAR TIRE & RUBBER
COMPANY, an Ohio corporation,

Defendant-Appellee.

No. 19-16544

D.C. No. 2:19-cv-00152-GMS
District of Arizona,
Phoenix

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted August 31, 2020
Pasadena, California

Before: IKUTA and BENNETT, Circuit Judges, and WOODLOCK,** District
Judge.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Douglas P. Woodlock, United States District Judge for the
District of Massachusetts, sitting by designation.

Attorney David Kurtz appeals the district court's denial of his motion to reconsider, *Kurtz v. Goodyear Tire & Rubber Co.*, No. CV-19-00152, 2019 WL 4736796 (D. Ariz. Sept. 27, 2019), its grant of a motion to dismiss his amended complaint, *Kurtz v. Goodyear Tire & Rubber Co.*, No. CV-19-00152, 2019 WL 2996054 (D. Ariz. July 9, 2019). The amended complaint seeks business loss damages Kurtz says he separately suffered from litigation misconduct directed at his clients by Goodyear Tire & Rubber Company ("Goodyear"). The litigation misconduct by Goodyear occurred during two cases (the "*Haeger* litigation") in which, on behalf of his clients the Haegers, Kurtz pursued products liability and negligence claims concerning Goodyear's G159 tires.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[1] The two cases comprising the *Haeger* litigation successively sought recovery for severe injuries experienced by two couples—Leroy Haeger and his wife Donna Haeger, and Leroy's son Barry Haeger and his wife Suzanne Haeger. Those injuries were alleged to have been caused by the failure of a Goodyear G159 tire resulting in the family's motorhome swerving off the road and flipping over.

*Haeger I* was filed on June 13, 2005, *Haeger* et al. *v. Goodyear Tire & Rubber Co.,* et al., CV2005-050959 (Maricopa County Ariz. Super. Court) and thereafter removed to federal court on July 11, 2005, where it was docketed as *Haeger,* et al. *v. Goodyear Tire & Rubber,* et al., No. 2:05-cv-02046 (D. Ariz.). Although initially settled in 2010 on the eve of trial, the case thereafter became the vehicle for addressing the Haegers' rights to sanctions for later-uncovered discovery abuse. Judge Silver suggested in her lengthy opinion finding misconduct by Goodyear, *Haeger v. Goodyear Tire & Rubber Co.*, 906 F. Supp. 2d 938 (D. Ariz. 2012), that the underlying substantive claims be separately litigated in a new action in light of the findings of discovery misconduct. *Id.* at 973. Ultimately the Supreme Court reversed and remanded as to the sanctions order, directing that the district court, if

2

When the instant *Kurtz* case[2] was presented to the district court by a dispositive motion, Goodyear pressed a variety of grounds upon which the various claims could be dismissed. The district court chose in disposing of that motion to focus on statute of limitations grounds. We are satisfied the district court did not abuse its discretion in thereafter denying Kurtz's motion for reconsideration by expanding its focus to consider the specific requirements for a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy claim and by relying on settled principles recognizing forfeiture of claims not adequately argued in response to the contentions of a motion to dismiss until belated presentation in a

---

appropriate, engage in a reassessment of "fees in line with [the] but-for causation requirement" its opinion announced. *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1186–88, 1190 (2017). We take judicial notice that the district court docket in *Haeger I* reports that a contingent sanction award was granted this spring (Dkt. No. 1234, March 26, 2021) by Judge Snow, to whom the case was reassigned on remand, and that a stipulated notice of satisfaction of judgment (Dkt. No. 1235, April 19, 2021) and exoneration of Goodyear's supersedeas bond (Dkt. 1237, May 13, 2021) have followed in due course, apparently concluding *Haeger I*.

    *Haeger II*, filed on May 20, 2013, *Haeger,* et al*. v. Goodyear Tire & Rubber,* et al., CV2013-052753 (Maricopa County Ariz. Super. Court), was the new action the Haegers mounted in response to Judge Silver's suggestion in *Haeger I*. *Haeger II* was reported settled on January 26, 2017, through a settlement document that did not purport to govern whatever basis Kurtz might have to pursue his own claims arising from the *Haeger* litigation.

2  This case was originally filed in Arizona's Maricopa County Superior Court on October 1, 2018, and, following the filing of an amended complaint on December 31, 2018, was removed on January 9, 2019, to the federal court, where it was docketed as *Kurtz* et al. *v. Goodyear Tire & Rubber Co.*, et al., No. 2:19-cv-00152 (D. Ariz.).

reconsideration motion. This approach, although not the only one available, disposed of Kurtz's claims comprehensively and efficiently.

The parties do not dispute the applicable limitations periods: four years for Kurtz's RICO claims, three years for his state fraud claims, and two years for his abuse of process and tortious interference claims. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987); Ariz. Rev. Stat. §§ 12-542–43. Nor is there a dispute that the district court correctly ruled the relevant statutes of limitations began to run no later than when Kurtz knew or should have known of harm caused to him by Goodyear. Kurtz, however, contends that the harm caused to him is distinguishable from that caused to the Haegers and that the harm separately caused him did not become manifest until fall 2016 when additional concealed documents were finally disclosed by Goodyear in *Haeger II*, an event he says caused Goodyear shortly thereafter to settle his clients' claims.

Kurtz's argument that his harm was not sufficiently definite and apparent to start the statute of limitations clock until fall 2016, when Goodyear belatedly released additional previously undisclosed documents, fails under the injury discovery rule applicable to civil RICO claims in this Circuit, *Grimmett v. Brown*, 75 F.3d 506, 511–12 (9th Cir. 1996), and to the Arizona law claims Kurtz alleged, *Keonjian v. Olcott*, 216 Ariz. 563, 566 (Ariz. Ct. App. 2007) (holding that the "controlling issue" in determining when the claim accrues is "when [the plaintiff]

4

became aware or should have been aware of the cause of [their] harm" (quotation marks and citation omitted)). Therefore, the district court did not err in dismissing these claims because the statute of limitations had run.

While Goodyear's release of the further formerly concealed data may have revealed that Kurtz suffered more harm than he had anticipated, this is simply a refinement of the damages he then knew or should have known he had already suffered as a result of the *Haeger* litigation. However, the district court initially found in granting the motion to dismiss that Goodyear's concealment of additional material concerned the same misconduct—that Goodyear concealed information about its defective G159 tires—as that underlying the earlier *Haeger* litigation.

The statutes of limitations at issue here do not begin anew each time a party discovers the extent of his injury is greater than he expected. *Grimmett* made clear that the limitations period begins to run when a plaintiff knows or should know of the injury which is the basis of his injury. *Grimmett*, 75 F.3d at 511. Arizona law is no different. *Keonjian*, 216 Ariz. at 566.

The limitations period applicable to Kurtz began, at the latest, when, on behalf of his clients, he filed the May 20, 2013 complaint in *Haeger II*, plainly demonstrating his knowledge of the wrongful litigation conduct by Goodyear and of non-speculative injuries applicable to him. Kurtz, however, did not file his own complaint until October 1, 2018, well after the statute of limitations had run for all

5

the claims he asserted.

To be sure, as the district court correctly noted in its order denying Kurtz's motion for reconsideration, Kurtz did argue in his response to the defendant's motion to dismiss that his mail fraud claim was within the statute of limitations because he alleged there what could be characterized as predicate acts (or perhaps could alternatively be characterized as overt acts) that occurred after October 1, 2014, within four years of the filing of his own separate action. Yet Kurtz already plausibly had a RICO cause of action before any mail fraud occurring after October 1, 2014. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 479 (2006) ("[RICO] defines a pattern of racketeer activity to include engaging in at least two predicate acts in a 10-year period." (cleaned up)). The Supreme Court in *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) and *Rotella v. Wood*, 528 U.S. 549 (2000) prohibited plaintiffs from extending RICO's four-year statute of limitations by relying upon predicate offenses occurring after the predicate offenses sufficient to establish a RICO claim. *See Klehr*, 521 U.S. at 188–90; *Rotella*, 528 U.S. at 553–54. Instead, the statute of limitations begins accruing when a plaintiff knows or should have known of his injury, and does not "run anew upon each predicate act forming part of the same pattern." *See Rotella*, 528 U.S. at 553–54. The Supreme Court's review of the discovery rule for civil RICO actions has left undisturbed this Circuit's injury discovery rule. *Id.* at 553–54 (citing *Grimmett*, 75 F.3d at

6

511).  Therefore, the district court did not err in also dismissing this claim because the statute of limitations had run.

In its order denying Kurtz's motion for reconsideration, the district court assumed that Kurtz had adequately pled a mail fraud predicate within the statute of limitations.  2019 WL 4736796, at *2.  Consequently it expanded its focus on the requisites for a civil RICO claim in order to consider whether the mails had been used to obtain money or property from a person who was deceived, as required for a mail fraud predicate offense under RICO.  *See generally Monterey Plaza Hotel Ltd. P'ship v. Loc. 483 of Hotel Emps. & Rest. Emps. Union, AFL-CIO*, 215 F.3d 923, 926 (9th Cir. 2000); *cf. United States v. Lew*, 875 F.2d 219, 221–22 (9th Cir. 1989) (application of requisite in criminal context).

The district court did not err when it held on reconsideration that, even if Kurtz's alleged RICO claims based on an additional predicate offense of mail fraud were not barred by the statute of limitations, Kurtz failed to state his RICO claims on the merits.  This alternative grounds for dismissing the mail fraud predicate is also well founded.  Mail fraud under 18 U.S.C. § 1341 requires "intent to obtain 'money or property [from the one who is deceived] by means of false or fraudulent pretenses, representations, or promises'"; for conduct to meet this requirement, it must be "acquisitive," rather than merely "vexatious or harassing." *Monterey Plaza*, 215 F.3d at 926–27 (alteration in original) (quoting 18 U.S.C. §

7

1341).  Goodyear's discovery misconduct did not involve acquisitive activity directed at Kurtz or wrongful transfers from Kurtz as a putative victim.  Even assuming that Kurtz could be said to have been deceived by Goodyear any later than when he filed *Haeger II* on his clients' behalf, his separate business loss claim plainly did not allege acquisitive or wrongful transfer of money or property from him.

The district court correctly held that Kurtz forfeited his argument that Goodyear's fraudulent concealment tolled the statute of limitations because he did not legibly raise it in his response to Goodyear's motion to dismiss and waited until his reconsideration motion to do so plainly.  It is well established that a party failing to press an argument in response to a dispositive motion who first does so when presenting a motion for reconsideration may be held to have forfeited the argument.  *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890–91 (9th Cir. 2000).

For the same reason, the district court held correctly that Kurtz forfeited his arguments that Goodyear's May 2018 deceptive filing with the court in *Haeger I* on remand constituted obstruction of justice, abuse of process, and intentional interference because he similarly did not raise those arguments adequately in his response to Goodyear's motion to dismiss and again waited until his reconsideration motion filing to do so.

To close this case with finality we observe in conclusion that the district court did not abuse its discretion in not *sua sponte* granting Kurtz leave to amend his complaint because no foreseeable amendment could have revived those claims. *Cf. Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**AFFIRMED.**