NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DORIAN KINGI; ALISON BACON; ALISON SCANNELL; ALEX KINGI; BRENT SEXTON; BRIAN NEAL TAYLOR; CHRIS KIESEWETTER; ANASTASIO TIMBINARIS; ALEX CHANSKY; ALEXANDRIA WILLIAMSON; ALEXIS CHRISTOPHER; ANNA MARIA SFORZA VILLA; ALFRED CIALELLA, Jr.; CAROLYN MINCIN; CHANDA WATTS; ANTOINETTE STANIEWICZ; BERTHA ALICIA BENAVIDES; BUFFY METLER; CLAIRE PROFT; CLINTON GRAHAM; CHRISTINE MITCHELL; DARBY GWYNN; DAN MARSHALL; DAWN MARE ANDERSON; DAVID EHRMAN; DAVIS NEVES; DAVID ROBERT GIULIANI; DAVID HENEISE; ADAM GEORGE HUTCHINSON; HAROLD G. EDER II; HEATHER LOUISES HERINGTON; GREGORY CHARLES SPOROLES; HAROLD PLAUT; HENRY ROBINSON; JAMES ANTONY DINONNO; JAMES JOSEPH AQUINO; CHARLES R. SLAVIN III; JEFFREY JONNATAN QUINTANA; JESUS TUCKER; JOAN LIZARRAGA,<br><br>         Plaintiffs - Appellants, | No. 24-5306<br><br>D.C. No.<br>2:24-cv-01996-JLS-JC<br><br>MEMORANDUM* |

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

SCREEN ACTORS GUILD - AMERICAN
FEDERATION OF TELEVISION AND
RADIO ARTISTS, a labor organization and
Delaware Corporation,

        Defendant - Appellee,

and

DOES, 1 through 20, inclusive,

        Defendant.

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted June 5, 2025
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Plaintiffs, members of the Screen Actors Guild - American Federation of Television and Radio Artists ("SAG-AFTRA"), appeal the dismissal of their complaint against SAG-AFTRA alleging breach of the duty of fair representation and related state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the dismissal for failure to state a claim de novo and the denial of leave to amend for abuse of discretion. *See Monterey Plaza Hotel Ltd. P'ship v. Loc. 483 of Hotel Emps. & Rest. Emps. Union*, 215 F.3d 923, 926 (9th Cir. 2000) (failure to

2

state a claim); *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (leave to amend). We affirm.

1. Plaintiffs have standing to pursue their claims. At the pleading stage, a plaintiff must "clearly allege facts demonstrating each element" of constitutional standing, including that the plaintiff suffered an injury "fairly traceable to the challenged conduct of the defendant." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotation marks and citation omitted). "[A]n injury is fairly traceable to a challenged action as long as the links in the proffered chain of causation are not hypothetical or tenuous and remain plausible." *Idaho Conservation League v. Bonneville Power Admin.*, 83 F.4th 1182, 1188 (9th Cir. 2023) (citation omitted). Plaintiffs allege that producers enforced mandatory vaccination policies after adoption of SAG-AFTRA's amended return-to-work agreement, and that SAG-AFTRA failed to intervene on Plaintiffs' behalf during the wrongful implementation of these policies. These allegations establish a clear and plausible causal chain between SAG-AFTRA's purported misconduct and Plaintiffs' injuries.

2. Plaintiffs' federal duty of fair representation claims, however, are barred by the six-month statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–70 (1983). Plaintiffs' claims that SAG-AFTRA breached its duty of fair representation by negotiating the amended return-to-work agreement

3

accrued when SAG-AFTRA executed the amended agreement on July 19, 2021. *See Allen v. United Food & Com. Workers Int'l Union*, 43 F.3d 424, 427 (9th Cir. 1994). The statute of limitations expired six months later, on January 19, 2022, before Plaintiffs filed these actions. The tolling rule in *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir. 1986), does not apply to these claims because grievance procedures could not have resulted in modification of the agreement. *See id.* at 1510 n.5; *Beriault v. Loc. 40, Int'l Longshoremen's & Warehousemen's Union*, 501 F.2d 258, 266 (9th Cir. 1974) (noting that "modification of the [labor] contract" is "not available through the grievance procedure").

Plaintiffs' claims that SAG-AFTRA breached its duty of fair representation by failing to represent Plaintiffs' interests during the implementation of the return-to-work agreement are similarly time-barred. These claims accrued, at the latest, when the return-to-work agreement expired on May 11, 2023. The statute of limitations expired six months later, on or before November 12, 2023, before Plaintiffs filed suit. Plaintiffs are not entitled to tolling during the SAG-AFTRA strike because, even assuming the strike created uncertainty as to the full extent of the damages resulting from SAG-AFTRA's purported misconduct, the "possibility that subsequent events might influence the plaintiffs' ultimate recovery does not necessitate a rule postponing the accrual of duty of fair representation claims." *Allen*, 43 F.3d at 428 (quotation marks omitted).

3. Plaintiffs' state law claims are preempted by federal labor law. Plaintiffs' claims that SAG-AFTRA breached its labor contracts, including the collective bargaining agreement, SAG-AFTRA constitution, and return-to-work agreement, are preempted by § 301 of the Labor Management Relations Act ("LMRA"). *See Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 & n.13 (9th Cir. 2018). Although the membership agreement is not a labor contract for the purposes of the LMRA, Plaintiffs' complaint makes "no showing of [SAG-AFTRA's] additional duties" under the membership agreement "beyond the normal incidents of the union-employee relationship." *Adkins v. Mireles*, 526 F.3d 531, 540 (9th Cir. 2008). Consequently, Plaintiffs' claims for breach of the membership agreement are preempted by the federal duty of fair representation. *See id.* Their corresponding claims for breach of the covenant of good faith and fair dealing are likewise preempted. *See Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999).

Plaintiffs' other state law claims are also preempted by the federal duty of fair representation. Under California law, a plaintiff alleging tortious interference with a business advantage must establish that the defendant's actions were "unlawful" under "some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 954 (Cal. 2003). Plaintiffs do not explicitly identify the relevant legal standard

under which SAG-AFTRA's conduct was "unlawful," and instead appear to rely on SAG-AFTRA's duties as Plaintiffs' representative. Their interference claims are therefore preempted by the federal duty of fair representation. *Adkins*, 526 F.3d at 539–40.

Similarly, to assert a claim for intentional infliction of emotional distress under California law, a plaintiff must establish that the defendant's conduct was "extreme and outrageous." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009). Plaintiffs allege that SAG-AFTRA "engaged [in] extreme and outrageous conduct . . . by intentionally failing to adequately represent Plaintiff[s'] interest[s] in collective bargaining." Plaintiffs' intentional infliction of emotional distress claims are therefore "inextricably linked to [SAG-AFTRA's] performance of duties owed in [its] capacity as union representative[]," and are preempted by the federal duty of fair representation. *Adkins*, 526 F.3d at 541–42.

Plaintiffs' remaining state law claims each include the element of duty. *See Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995) (breach of fiduciary duty); *Vasilenko v. Grace Fam. Church*, 404 P.3d 1196, 1198 (Cal. 2017) (negligence); *Belen v. Ryan Seacrest Prods., LLC*, 65 Cal. App. 5th 1145, 1165 (2021) (negligent infliction of emotional distress). Plaintiffs do not identify the source of SAG-AFTRA's duties beyond the union-employee relationship, and so these claims are preempted by the federal duty of fair representation. *Adkins*, 526

F.3d at 540.

4. The district court did not abuse its discretion in denying leave to amend because Plaintiffs have not explained how amendment could remedy the defects identified above. *See Lathus*, 56 F.4th at 1243 (holding that "denying leave is not an abuse of discretion if it is clear that granting leave to amend would have been futile" (quotation marks and citation omitted)).

**AFFIRMED.**